[Cite as *State v. Stanislaw*, 2020-Ohio-1324.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-L-105** <br> **2019-L-106** |
| ROBERT W. STANISLAW, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2019 CR 000286 and 2019 CR 000629.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Brian A. Smith,* Brian A. Smith Law Firm, LLC, 755 White Pond Drive, Suite 403, Akron, OH 44320 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Robert W. Stanislaw, appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to serve two, 18-month terms of imprisonment consecutively, for two counts of menacing by stalking. Appellant takes issue with both the duration of each sentence as well as the consecutive nature of the trial court's sentencing order. We affirm.

{¶2} On May 23, 2019, in case number 2019 CR 000286, appellant was charged by bill of information with one count of menacing by stalking, in violation of R.C. 2903.211(A)(1), a fourth-degree felony. On July 17, 2019, while out on bond, in case number 2019 CR 000629, appellant was again charged by bill of information with one count of menacing by stalking, in violation of R.C. 2903.211(A)(1), a fourth-degree felony. The charges arose due to appellant contacting the same victim, who was a victim in a previous menacing by stalking case of which appellant was convicted and served prison time. Appellant pleaded guilty to both counts. Following a sentencing hearing, the trial court sentenced appellant to 18 months on each count and ordered each term to be served consecutively to one another. Appellant appeals and assigns the following as error:

{¶3} "Appellant's sentence was not supported by the record."

{¶4} Appellant first takes issue with the court's imposition of maximum terms of imprisonment for each crime. Recently, in *State v. Gwynne*, ___ Ohio St.3d ___, 2019-Ohio-4761, the Supreme Court of Ohio clarified that R.C. 2929.11 and R.C. 2929.12 apply to the review of the duration of individual sentences. *Gwynne, supra*, at ¶17-18. R.C. 2929.11 addresses the purposes and principles of felony sentencing and R.C. 2929.12 sets forth "seriousness" and "recidivism" factors. A sentencing court is not required to use specific language and render precise findings to satisfactorily "consider" the relevant seriousness and recidivism factors. *State v. Long,* 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79. Instead, the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with applicable sentencing factors.

2

*Id.* Thus, we presume a trial court considered the statutory purposes, principles, and factors from a silent record. *State v. Morefield*, 2d Dist. Clark No. 2013-CA-71, 2014-Ohio-5170, ¶41.

{¶5} In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, the Supreme Court stated:

> {¶6} We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *Marcum*, *supra*, at ¶23.

{¶7} Appellant first asserts there was little evidence that appellant's communications caused the victim serious physical, psychological, or economic harm. He notes that there was no physical contact between himself and the victim and resided "quite a * * * distance" from her. Notwithstanding appellant's arguable points, the record demonstrates that the victim in each case was the victim in a previous menacing by stalking case of which he was convicted. Upon being initially contacted by phone, the victim contacted her victim advocate and then the police. Appellant later attempted to contact her via email twice. After returning from a vacation, the victim noticed trim around her house had been pulled away and a fence gate was open. According to the official police version of the offenses, the victim became concerned for her safety and feared appellant was again stalking her. These points are sufficient for the trial court to base its finding that the contact appellant initiated caused the victim serious psychological harm.

3

{¶8} Next, appellant acknowledges that his relationship with the victim facilitated the offense but seems to trivialize this factor. The trial court, however, was entitled to place some emphasis on this point, especially because the victim in the two cases sub judice, was same victim in a previous menacing-by-stalking matter of which appellant was convicted. This demonstrates that appellant has a peculiar interest or tendency to intentionally direct his unwanted attention at this individual. Furthermore, appellant continued to do so in spite of the past conviction and a condition of post-release control that necessitated a no-contact order. His relationship with the victim not only facilitated the offenses, it was the essence of and trigger of the offenses.

{¶9} The trial court found no factors that would render appellant's conduct less serious. Appellant, however, notes he did not expect to cause physical harm to the victim's person or property; in contacting the victim via email, he asserted he was acting only as a job recruiter; he was intoxicated when he sent the email; and he was not acting maliciously in contacting the victim. Even if these points could arguably lessen the seriousness of appellant's actions, the trial court did not err in according them weight. The lack of physical harm to person or property was not at issue; and the trial court was not obligated to give any weight to appellant's purported intent in contacting the victim or his level of intoxication.

{¶10} Appellant contends there are substantial grounds to mitigate his conduct; to wit, there was no evidence of threats; he fully cooperated with police; and he struggled with alcohol and mental health issues. While these points could have been considered as mitigating factors, the trial court did not err in overtly addressing them as

such. Actually, the trial court found appellant's alcohol and mental health issues to enhance appellant's likely recidivism. The court stated:

> **{¶11}** There is a lengthy previous criminal history, very similar conduct, at least three or four other victims. It's the same response every time he gets into a relationship. The doctor said that treatment would be futile. There's no way this court can order the defendant to do anything about curbing his behavior, not even post release control. And he's got three violations on post release control. The defendant is not amenable to any available community control sanctions. There's a pattern of drug or alcohol abuse and the offender refuses to acknowledge a problem or to accept treatment or to seek out and avail himself of treatment. The defendant has a psychological problem and he has done nothing to address it and his history going back two decades would put somebody on notice that they need to get treatment to avoid prison. The court finds the offense were committed under circumstances extremely likely to recur.

**{¶12}** The court's observations demonstrate that appellant's alcohol problem and mental health issues, while worthy of some consideration in mitigation, also create a reasonable concern for recidivism. We recognize that appellant, at the time of the hearing, had enrolled in Alcoholics Anonymous and was seeing a therapist or psychologist for his mental health issues. Still, the trial court's points focus on appellant's history of similar conduct, which stretches back at least to 2007. In this respect, appellant's more recent efforts to address his problems do not militate heavily in his favor.

**{¶13}** Finally, appellant argues at least one factor supports the conclusion that recidivism is unlikely: he showed genuine remorse. As with certain other points, the court was not obligated to give weight to appellant's apologies, especially in light of the repeated attempts at contacting the victim, particularly while on bond for previous attempts. The repetitious nature of the contact weighs against the authenticity of

5

appellant's remorse. We therefore conclude appellant has failed to demonstrate that the record clearly and convincingly does not support the sentence.

{¶14} Next, appellant challenges the basis of the trial court's findings supporting its imposition of consecutive sentences. We review consecutive sentences imposed pursuant to R.C. 2929.14(C)(4) under R.C. 2953.08(G)(2), which states:

{¶15} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶16} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶17} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶18} (b) That the sentence is otherwise contrary to law.

{¶19} Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶8, quoting *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶20} Further, R.C. 2929.14(C)(4) provides, in relevant part, as follows regarding consecutive felony sentences:

{¶21} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive

6

service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶22} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶23} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶24} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

{¶25} Appellant does not dispute the trial court made the necessary findings to support consecutive sentences; rather, he maintains that the record does not support certain findings. He initially argues that the trial court's finding that consecutive sentences are not proportionate to his conduct and the danger he poses to the public was not supported by the record. We do not agree. In light of appellant's criminal history (particularly with the victim), the trial court could reasonably find that consecutive sentences were not disproportionate to the conduct or the danger he posed to her or other potential victims.

{¶26} Next, appellant takes issue with the court's finding that consecutive sentences were necessary to protect the public from future crime and punish him. Again, appellant has repeatedly been charged and convicted of menacing by stalking of more than one victim. In order to interrupt or potentially stop this pattern of criminal

7

activity, the trial court reasonably concluded consecutive sentences were necessary to protect the public and punish appellant.

{¶27} Finally, he argues that the court's finding that at least two of the multiple offenses were committed as one or more courses of conduct, pursuant to R.C. 2929.14(C)(4)(b), was unsupported by the record. Even assuming this finding is problematic, the trial court additionally found that "[t]he crimes were committed while awaiting trial or sentencing or on post release control or on bond," pursuant to R.C. 2929.14(C)(4)(a). Because the finding under that subsection is sufficient to complete the trial court's imposition of consecutive sentences, any potential error under R.C. 2929.14(C)(4)(b) is therefore harmless.

{¶28} In light of the foregoing, we conclude the trial court did not err when it imposed the maximum term of imprisonment of 18 months for each crime nor did it err in running those terms consecutively to one another.

{¶29} Appellant's assignment of error lacks merit.

{¶30} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.

8