[Cite as *State v. Miller*, 2018-Ohio-2221.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27725 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-827 |
| | : | |
| GARY S. MILLER | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

CANDI S. RAMBO, Atty. Reg. No. 0076627, P.O. Box 66, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} After the trial court overruled his motion to dismiss the indictment on double jeopardy grounds, Gary S. Miller was convicted after a bench trial of receiving stolen property (motor vehicle), a felony of the fourth degree. The trial court sentenced him to up to five years of community control.

{¶ 2} Miller appeals from his conviction, claiming that the trial court erred in denying his motion to dismiss. For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 3} The joint exhibits at the combined motion to dismiss hearing and bench trial establish the following facts.

{¶ 4} At approximately 4:00 a.m. on October 30, 2016, Wayne Neal contacted the police to report that his 1995 light-blue Oldsmobile Cutlass was missing from his residence in Greenville, Darke County, Ohio. The vehicle had been in his driveway at approximately 11:30 p.m. the night before. The keys to the vehicle and approximately $700 were in the vehicle. The police entered information about the vehicle into LEADS at approximately 5:00 a.m. on October 30.

{¶ 5} At 6:12 a.m. on October 30, 2016, Officer David Naas was dispatched to a McDonald's restaurant in Butler Township, Montgomery County, Ohio, on a report of two people sleeping in a vehicle. Miller was in the front passenger seat; a female companion was in the driver's seat. Officer Naas ran the vehicle's registration and learned that it had been reported as stolen.

{¶ 6} After Miller and his companion were awakened and it was determined that

health issues were not a concern, they were placed in separate cruisers. Officer Chris Hammond, an evidence technician, processed the vehicle, and Detective Kevin Sink arrived on the scene. The detective noticed, among other things, that the column and part of the dashboard were "obliterated" and a wire was used to unlock the tumbler on the key mechanism. Ultimately, Miller and his companion were transported to the police station, where the detective separately interviewed them. After the interviews, Miller and his companion were charged with receiving stolen property.

{¶ 7} On November 21, 2016, Miller was indicted in Darke County for grand theft (Neal's motor vehicle), vandalism, and theft from an elderly person ($700). On April 20, 2017, Miller was indicted in Montgomery County for receiving stolen property; this indictment also arose out of the October 30, 2016 incident, and the property at issue was Neal's automobile.

{¶ 8} Miller pled guilty to the offenses in Darke County, and on June 12, 2017, the Darke County Court of Common Pleas sentenced him to up to five years of community control with several specific conditions.

{¶ 9} On July 26, 2017, Miller filed a motion to dismiss the Montgomery County indictment on double jeopardy grounds. He asserted that he had been prosecuted and convicted in Darke County of grand theft of a motor vehicle, which arose from the same facts and circumstances as this case. Miller attached the Darke County indictment and judgment entry to his motion.

{¶ 10} The trial court held a joint hearing on the motion to dismiss and a bench trial on the merits. The parties stipulated to five exhibits, which were to serve as evidence for both the motion and the bench trial. The exhibits were (1) the Butler Township Police

Department reports for the October 30, 2016 incident, (2) the Montgomery County indictment, (3) the Greenville Police Department reports regarding the October 30, 2016 incident, (4) the Darke County indictment, and (5) the judgment entry in Miller's Darke County case, *State v. Miller*, Darke C.P. No. 16-CR-00244. The trial court took the matter under advisement.

{¶ 11} On August 7, 2017, the trial court overruled the motion to dismiss. The court employed the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and concluded that double jeopardy did not bar the successive prosecution, because (1) the elements of receiving stolen property and theft are distinct, and (2) receiving stolen property is not a lesser included offense of theft. The trial court subsequently found Miller guilty of receiving stolen property (motor vehicle), and sentenced him to up to five years of community control.

{¶ 12} Miller appeals from his conviction.

## II. Double Jeopardy

{¶ 13} In his sole assignment of error, Miller claims that the trial court erred in overruling his motion to dismiss the indictment for receiving stolen property. Miller argues that the trial court erred in applying *Blockburger* to his case and that *Blockburger* "is not the exclusive means by which the protection against double jeopardy is deemed to apply to particular offenses." Miller emphasizes the "same conduct" test articulated in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.E.2d 548 (1990). He also asserts that Ohio courts have employed an "actual evidence" test and a "same transaction" test, but he does not cite to any authority for those approaches.

### Double Jeopardy Standard

{¶ 14} The protections against double jeopardy provided in the Ohio and United States Constitutions are coextensive. *Clark v. Adult Parole Auth.*, 151 Ohio St.3d 522, 2017-Ohio-8391, 90 N.E.3d 909, ¶ 13, citing *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996). Under both Constitutions, the Double Jeopardy Clause protects against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *E.g.*, *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). In this case, we are concerned with a successive prosecution after conviction.

{¶ 15} We review de novo a trial court's denial of a motion to dismiss an indictment based on double jeopardy. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 13.

{¶ 16} The Ohio Supreme Court recently reiterated the standard for determining whether a prior conviction bars a successive prosecution:

This court has relied on the *Blockburger* test to determine whether two prosecutions involve the same offense. "In determining whether an accused is being successively prosecuted for the 'same offense,' the court in [*State v. Best*, 42 Ohio St.2d 530, 330 N.E.2d 421 (1975)] adopted the so-called 'same elements' test articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 * * *." The *Blockburger* test applies "where the same act or transaction constitutes a

violation of two distinct statutory provisions" and requires the reviewing court to evaluate the elements of each statutory provision to determine "whether each provision requires proof of a fact which the other does not." " 'This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case.' " The United States Supreme Court has summarized the *Blockburger* test as an inquiry that asks "whether each offense contains an element not contained in the other; if not, they are the 'same offen[s]e' and double jeopardy bars additional punishment and successive prosecution."

(Citations omitted.) *Mutter* at ¶ 17.

{¶ 17} The Ohio Supreme Court has recognized certain exceptions to the *Blockburger* test. *Mutter* at ¶ 18, citing *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 50 (1912) (prosecution for homicide not barred after conviction for assault and battery when victim died after conviction); *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (addressing continuing criminal enterprise); and *Ohio v. Johnson*, 467 U.S. 493, 501, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (in prosecution on multiple offenses, defendant's plea to certain charges did not bar continued prosecution of remaining charges). None of these circumstances applies here.

### Same Offense Test

{¶ 18} Miller was convicted of grand theft of a motor vehicle in Darke County and subsequently prosecuted in Montgomery County for receiving stolen property involving the same vehicle.

**{¶ 19}** "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, * * * be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *State v. Pope*, 2d Dist. Montgomery No. 27231, 2017-Ohio-1308, ¶ 15, citing *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus, as modified by *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 25. The definition does not incorporate the degree(s) of the related offenses.

**{¶ 20}** R.C. 2913.02, the theft statute, provides in relevant part: "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent[.]" If the property stolen is a motor vehicle, the offense is known as grand theft of a motor vehicle and is a fourth-degree felony. R.C. 2913.02(B)(5).

**{¶ 21}** R.C. 2913.51(A), receiving stolen property, states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." When the stolen property is a motor vehicle, a violation of R.C. 2913.51(A) is also a felony of the fourth degree. R.C. 2913.51(C).

**{¶ 22}** A review of the statutory elements indicates that offenses of theft and receiving stolen property can be committed separately without committing the other. *See, e.g., State v. Botta*, 27 Ohio St.2d 196, 271 N.E.2d 776 (1971) (theft and receiving

stolen property were committed separately where the defendant committed theft only as an aider, abettor or procurer, but committed receiving stolen property after the theft as a principal offender); *State v. Skapik*, 2015-Ohio-4404, 42 N.E.3d 790, ¶ 9 (2d Dist.) (defendant committed grand theft and receiving stolen property of the same firearms through separate conduct; the offenses thus were not allied offenses of similar import).

{¶ 23} Moreover, it is well established that receiving stolen property is not a lesser included offense of theft. *E.g.*, *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 99; *State v. Workman*, 4th Dist. Athens No. 14CA25, 2015-Ohio-4483, ¶ 27. Accordingly, under *Blockburger*, double jeopardy does not bar the State's successive prosecution for receiving stolen property after Miller's conviction for grand theft of a motor vehicle.

### Availability of other tests

{¶ 24} As stated above, Miller asserts that *Blockburger* is not the only applicable test to determine whether double jeopardy applies, and he asserts that we should employ the "same conduct" test established in *Grady*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.E.2d 548 (1990). In *Grady*, the United States Supreme Court held that, in addition to passing the *Blockburger* test, a subsequent prosecution must also satisfy a "same conduct" test to avoid violating double jeopardy. *See United States v. Dixon*, 509 U.S. 688, 697, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). "The *Grady* test provides that, 'if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted,' a second prosecution may not be had." *Dixon*, 509 U.S. at 697, quoting *Grady*, 495 U.S. at 510.

{¶ 25} However, the United States Supreme Court expressly overruled *Grady* in *Dixon*. *Dixon*, 509 U.S. at 704. The *Dixon* Court stated that the "same conduct" test announced in *Grady* was "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." *Dixon* at 704.

{¶ 26} When asked to apply a "same conduct" overlay to *Blockburger*, the Ohio Supreme Court declined, stating that this approach was "in substance a feature of the now-defunct 'same conduct' test" adopted in *Grady* and rejected in *Dixon*. *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, ¶ 35. The Ohio Supreme Court further noted that, "[s]ince the present case involves only the issue of successive prosecutions, it is not controlled by R.C. 2941.25." *Zima* at ¶ 40, fn. 3. In *Mutter*, rendered last year, the Ohio Supreme Court continued to apply *Blockburger* as the test for determining whether successive prosecutions were permitted. *Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141. Accordingly, we reject Miller's suggestion that we apply *Grady* here.

{¶ 27} We are not unsympathetic to Miller's argument. It makes little sense for courts to employ different tests for determining whether two offenses are "the same offense" depending on whether the double jeopardy issue involves a successive prosecution or multiple punishments. Logic would suggest that if a court cannot impose separate punishments for two offenses, then the prosecutor should be "forbidden to strive for the same result in successive proceedings." *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). We agree with the sentiment expressed in *State v. Bentley*, 4th Dist. Athens No. 01CA13, 2001 WL 1627645, * 7 (Dec. 6, 2001):

At this juncture, however, we wish to note that regardless of our ultimate

conclusion in the case *sub judice*, the fact that appellant was prosecuted on the charges separately, at different times and in different courts, is indeed troubling. We join those courts who have expressed the view that in the interest of judicial efficiency and of fairness, a defendant should answer at one time and in one court for crimes committed at one time and in one place. Multiple prosecutions, like those in the case *sub judice*, should be strongly discouraged even though the multiple prosecution may not run afoul of our constitutional guarantees. Once again, defendants should be required to answer at one time and in one court for all crimes committed in a single incident.

(Citations omitted.) *Bentley* at * 7.

{¶ 28} And as for Miller's specific offenses, the Ohio Supreme Court noted in *Maumee v. Geiger*, 45 Ohio St.2d 238, 344 N.E.2d 133 (1976):

"It is hornbook law that a thief cannot be charged with committing two offenses -- that is, stealing and receiving the goods he has stolen. And this is so for the commonsensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken. In short, taking and receiving, as a contemporaneous -- indeed a coincidental -- phenomenon, constitute one transaction in life and, therefore, not two transactions in law. * * *"

(Citations omitted.) *Geiger* at 135, quoting *Milanovich v. United States*, 365 U.S. 551, 558, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961) (Frankfurther, J., dissenting). Had Miller and his companion been apprehended by the police at a McDonald's restaurant in Darke

County, the offenses of receiving stolen property and grand theft (motor vehicle) would have merged for sentencing as allied offenses of similar import, and Miller would have received only one sentence for the two offenses. *See, e.g., Skapik*, 2015-Ohio-4404, 42 N.E.3d 790, ¶ 9 (2d Dist.) ("[Defendant] simultaneously stole the firearms and received the stolen firearms when he took them from an off-duty deputy sheriff's vehicle. If both convictions were based on that conduct, we would find merger required.")

{¶ 29} Because Miller had the misfortune of being found with the motor vehicle in Montgomery County, Miller has been separately convicted and sentenced for both receiving stolen property and grand theft of a motor vehicle. As Judge Stewart commented in her concurrence in *Ladson*, which involved, in part, a successive prosecution for grand theft (firearm) after a conviction in the same county for receiving stolen property (the same firearm):

> By charging the theft and receiving stolen property counts in separate cases, the state made a legal, but perhaps unfair, end-run around the allied offenses statute. This resulted in Ladson receiving an 18-month sentence for receiving stolen property (the gun) in CR-15-599880, and being sentenced to three years in prison on the theft in this case for stealing the same gun.

*State v. Ladson*, 8th Dist. Cuyahoga No. 104642, 2017-Ohio-7715, ¶ 46 (Stewart, J., concurring), *appeal not allowed*, 152 Ohio St.3d 1423, 2018-Ohio-923, 93 N.E.3d 1004.

{¶ 30} Perhaps recognizing the inequity of the dual convictions, the trial court conscientiously stated at sentencing its "intention to sentence [Miller] to community control with the same sanctions in Darke County to be supervised in Darke County." In

addition, the trial court informed Miller that it was not going to impose three days in jail and 30 days of electronic home detention, as had been imposed in Darke County, because he had already completed those obligations in Darke County. The trial court also did not impose restitution, as restitution had already been ordered in the Darke County case.

{¶ 31} The only assigned error is whether the trial court erred in not dismissing the receiving stolen property indictment. Miller has not challenged the trial court's sentence under the Double Jeopardy Clause, the allied offense statute, or otherwise.

{¶ 32} Miller's assignment of error is overruled.

### III. Conclusion

{¶ 33} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck
Michael P. Allen
Candi S. Rambo
Hon. Mary Katherine Huffman