[Cite as *State v. Dendinger*, 2023-Ohio-4255.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

KELCEY M. DENDINGER,

    DEFENDANT-APPELLANT.

CASE NO. 13-23-11

O P I N I O N

Appeal from Seneca County Common Pleas Court
Trial Court No. 22 CR 0197

**Judgment Affirmed**

**Date of Decision:  November 27, 2023**

APPEARANCES:

    *Michael H. Stahl* **for Appellant**

    *Angela M. Boes* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Kelcey M. Dendinger ("Dendinger") appeals the judgment of the Seneca County Court of Common Pleas, arguing that her convictions should have merged at sentencing; that the imposition of consecutive sentences was disproportionate to the offenses; and that she did not receive effective assistance of counsel. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Dendinger was ordered to complete the PIVOT Drug Recovery Program. On September 2, 2022, Dendinger failed to attend an Aftercare Support Group. She informed her caseworker that she was absent due to illness. On September 22, 2022, Dendinger appeared at a hearing on this matter. She not only testified at this hearing but also submitted a medical excuse into evidence that stated she had sought treatment at an Urgent Care on September 2, 2022.

{¶3} After this hearing, Dendinger signed a release of medical information for her records at Urgent Care. Law enforcement then called the phone number on the medical excuse that Dendinger had submitted. While the personnel at Urgent Care had no record of Dendinger receiving treatment from them on September 2, 2022, they indicated that Dendinger had received a medical excuse from their facility for a telehealth appointment that she had on September 10, 2022.

**{¶4}** The personnel at Urgent Care further indicated that the date on the medical excuse from the telehealth appointment appeared to have been altered from September 10, 2022 to September 2, 2022. They also pointed out that the designation "Dr." had been added in front of the name of the nurse practitioner who had signed the medical excuse.

**{¶5}** On October 22, 2022, Dendinger was indicted on one count of tampering with evidence in violation of R.C. 2921.12(A)(2), a felony of the third degree, and one count of perjury in violation of R.C. 2921.11(A), a felony of the third degree. Dendinger entered pleas of guilty to both of the charges against her. On April 12, 2023, the trial court issued its judgment entry of sentencing and ordered Dendinger to serve the two prison terms consecutively.

**{¶6}** Dendinger filed her notice of appeal on May 10, 2023. On appeal, she raises the following three assignments of error:

#### First Assignment of Error

**Plain error occurred, and Mrs. Dendinger's rights against double jeopardy under the Ohio and United States Constitutions were violated, when the trial court failed to merge the Tampering with Evidence Charge Count 1 with the Perjury Charge Count 2.**

#### Second Assignment of Error

**In this case the trial court's findings that consecutive services of the two sentences 'is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct'**

**are not supported by the record, and the aggregate sentence is disproportionate to the offense.**

**Third Assignment of Error**

**Trial counsel did not object to the failure of the trial court to merge Counts 1 & 2 and thereby provided ineffective assistance of counsel under the Ohio and United State's [sic] Constitutions.**

*First Assignment of Error*

{¶7} Dendinger argues that her convictions for tampering with evidence and perjury should have merged at sentencing.

Legal Standard

{¶8} The Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide protections against double jeopardy. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 2.

> Under both Constitutions, the Double Jeopardy Clause protects against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.

*State v. Miller*, 2d Dist. Montgomery No. 27725, 2018-Ohio-2221, ¶ 14. In Ohio, "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause * * *, prohibit[ing] multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27. R.C. 2941.25 reads:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

-4-

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. Under Ohio law, if a defendant is convicted of allied offenses of similar import the "trial court is required to merge [these convictions] at sentencing." *Underwood* at ¶ 27.

{¶9} To determine "whether two offenses are * * * subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 16, quoting *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus.

[A] defendant charged with multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Ruff* at ¶ 13. Appellate courts generally apply a de novo standard of review in determining whether offenses are subject to merger under R.C. 2941.25. *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, 218 N.E.3d 858, ¶ 6.

{¶10} However, if a defendant fails to raise an objection over the issue of merger before the trial court, all but plain error is waived on appeal. *Bailey* at ¶ 7. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

"Under the plain error standard, the appellant must demonstrate that there is a reasonable probability that, but for the trial court's error, the outcome of the proceeding would have been otherwise." *State v. Bradshaw*, 2023-Ohio-1244, 213 N.E.3d 117, ¶ 21 (3d Dist.). Appellate courts take "[n]otice of plain error * * * with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

### Legal Analysis

**{¶11}** Dendinger concedes that plain error standard of review applies to this challenge. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. In this case, she was convicted of tampering with evidence and perjury. R.C. 2921.12(A)(2) defines the offense of tampering with evidence as follows:

> (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> * * *
>
> (2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation.

In turn, R.C. 2921.11(A) defines the offense of perjury as follows:

> No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material.

Dendinger contends that she did not "present" the falsified medical excuse within the meaning of R.C. 2921.12(A)(2) until the moment in which she authenticated this document through her perjured testimony at the hearing. Based on this argument, she asserts these two offenses were committed with the same act.

{¶12} However, Dendinger has failed to identify any legal authority that would suggest that the word "present" in R.C. 2921.12(A)(2) should be interpreted as the equivalent of authenticating a document under oath. Further, R.C. 2921.12(A)(2) defines tampering with evidence as including the acts of making and using. In this appeal, Dendinger only raises arguments about the act of presenting the falsified medical excuse at the hearing. She provides no argument as to why her actions before she testified at the hearing should not qualify as making or using the falsified medical excuse within the meaning of R.C. 2921.12(A)(2).

{¶13} The evidence in the record indicates that the acts associated with falsifying this medical excuse occurred before she was placed under oath and gave rise to the offense of tampering with evidence.[1] The acts that gave rise to the offense of perjury occurred after she was placed under oath at the hearing. In her brief, Dendinger states that "[s]he forged a doctor's note and used it to support this false claim." (Appellant's Brief, 6). This statement acknowledges that she falsified a

---

[1] At oral arguments, Dendinger conceded that she altered the doctor's note in the bathroom before she appeared in the courtroom. No evidence in the record suggests that she falsified the note while she was testifying under oath in the courtroom.

medical excuse in addition to giving a false claim.  Since these "offenses were committed separately," Dendinger could be convicted of tampering with evidence and perjury without running afoul of R.C. 2941.25.  *Ruff*, *supra*, at ¶ 13.

{¶14} On appeal, Dendinger also directs our attention to the federal case law interpreting the Double Jeopardy Clause of the United States Constitution.

> With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

*Tetak v. Forshey*, 6th Cir. No. 22-3783, 2023 WL 2530825, *2 (Jan. 31, 2023), quoting *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).  For this reason,

> [w]here the legislature intended 'to impose multiple punishments, imposition of such sentences does not violate the Constitution.' [*Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)].  'Thus, determining the permissibility of imposing multiple punishments for one course of conduct is a matter of discerning the legislature's intent.' *United States v. Patel*, 370 F.3d 108, 114 (1st Cir. 2004).

*Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 537 (7th Cir. 2015).  In *Blockburger v. United States*, the United States Supreme Court set forth a test to aid courts in ascertaining whether Congress intended to authorize cumulative punishments:

> 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'

*Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013), quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test "is a rule of statutory construction and is not controlling where there is a clear indication of legislative intent." *State v. Bickerstaff*, 10 Ohio St.3d 62, 461 N.E.2d 892, fn. 1 (1984). *United States v. Nielsen*, 640 Fed.Appx. 224, 230 (4th Cir. 2016), quoting *Albernaz* at 340; *United States v. Turner*, 11th Cir. No. 19-13704, 2022 WL 4137756, *4 (Sept. 13, 2022).

**{¶15}** On appeal, Dendinger asserts that her two convictions do not pass the *Blockburger* test. However, the United States Constitution does not require

> state courts to apply *Blockburger* to resolve the double jeopardy claim. What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment.

*Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014). Since the General Assembly expressed its intentions regarding multiple punishments by passing R.C. 2941.25, Ohio courts apply this provision to determine the state legislature's intent. *Ruff*, *supra*, at ¶ 12. *Jackson* at 212. *See also State v. McKnight*, 2022-Ohio-591, 185 N.E.3d 1148, ¶ 32-33 (10th Dist.).

**{¶16}** In our prior analysis, we applied R.C. 2941.25 and concluded that perjury and tampering with evidence were not allied offenses of similar import in this case. As Dendinger's "offenses were not allied under state law, * * * there was no double jeopardy violation," and we are "not required to apply *Blockburger*."

*Tetak* at *3. *See also Pettus v. Warden, Franklin Medical Center*, S.D. Ohio No. 1:20-CV-00187, 2023 WL 6290065, *6 (Sept. 27, 2023). For these reasons, we conclude that Dendinger has not established plain error with her arguments based upon R.C. 2941.25 or *Blockburger*. Accordingly, her first assignment of error is overruled.

*Second Assignment of Error*

**{¶17}** Dendinger argues that the trial court's decision to impose her prison terms consecutively is not supported by the evidence in the record.

Legal Standard

**{¶18}** R.C. 2929.14(C)(4) sets forth several findings that a trial court must make prior to imposing consecutive sentences.

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Thus, the trial court must find (1) that consecutive sentences are necessary to protect the public or punish the offender ("the necessity finding"); (2) that consecutive sentences are not disproportionate to the seriousness of the offense ("the proportionality finding"); and (3) that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable. *State v. Rodriquez*, 3d Dist. Hancock Nos. 5-19-40, 5-19-41, 2020-Ohio-2987, ¶ 6.

{¶19} Thus, "[t]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *State v. Wilson*, 2022-Ohio-504, 185 N.E.3d 176, ¶ 148, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. However, "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences." *Bonnell* at ¶ 27.

{¶20} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-

1002, 59 N.E.3d 1231, ¶ 1. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

Legal Analysis

**{¶21}** On appeal, Dendinger limits her challenge to arguing that the seriousness and proportionality findings are unsupported by the record. At sentencing, the trial court stated that it had considered the contents of the presentence investigation report in addition to having "a five-year history" with Dendinger since her first indictment in 2018. (Sentencing Tr. 15). The trial court then described this history as follows:

> Ms. Dendinger was granted intervention in lieu of conviction. And she was placed on a three-year period of rehabilitation. She violated terms of her rehabilitation plan. It was revoked. And she was placed on community control. This Court is now revoking her community control * * *.

(Sentencing Tr. 16-17). The trial court also heard arguments from the parties. At sentencing, the Defense admitted that Dendinger "did not do well in the PIVOT program * * *." (Sentencing Tr. 9). The State pointed to the fact that, in 2018, Dendinger's conviction was for illegal processing of drug documents and was a crime of dishonesty like the offenses in the instant case. The State also argued that

Dendinger "consistently chose to forgo any insight into her behaviors and help that she was being offered in PIVOT." (Sentencing Tr. 6).

{¶22} In conclusion, the trial court made the findings that are required to impose consecutive sentences in this case and incorporated these findings into its judgment entry. Having examined the materials in the record, we do not conclude that the trial court's consecutive sentence findings are clearly and convincingly unsupported by the record. For these reasons, her second assignment of error is overruled.

*Third Assignment of Error*

{¶23} Dendinger argues that she was denied her right to the effective assistance of counsel when no objection was raised over the issue of merger at sentencing.

Legal Standard

{¶24} "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 35, quoting *Strickland* at 687. A trial attorney is not required to "raise meritless issues or even all arguably meritorious issues." *State v. Mayse*, 88 N.E.3d 1208, 2017-Ohio-1483, ¶ 24 (3d Dist.). Further, to establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Bibbs*, 2016-Ohio-8396, 78 N.E.3d 343, ¶ 13 (3d Dist.).

Legal Analysis

{¶25} Dendinger essentially asserts that defense counsel performed deficiently at sentencing for failing to raise the same arguments about merger that are set forth under the first assignment of error. However, we have already concluded that these arguments are without merit. The failure to raise meritless arguments does not constitute deficient performance. *State v. Norville*, 3d Dist. Seneca No. 13-18-14, 2018-Ohio-4467, ¶ 26. Further, we also do not conclude that the outcome of this proceeding "would have been different if * * * defense counsel had raised a challenge before the trial court that has since failed on appeal." *State v. Lewis*, 3d Dist. Van Wert No. 15-20-04, 2020-Ohio-6894, ¶ 86. Since Dendinger has failed to carry the burden of establishing an ineffective assistance of counsel claim, her third assignment of error is overruled.

*Conclusion*

**{¶26}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Seneca County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**