[Cite as *State v. Nichols*, 2023-Ohio-4364.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,                                            CASE NO. 17-22-08

    PLAINTIFF-APPELLEE,

    v.

DARREN A. NICHOLS,                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 21CR000272

Judgment Affirmed

Date of Decision:  December 4, 2023

APPEARANCES:

    *Samuel Saul Richardson* for Appellant

    *Timothy S. Sell* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Darren A. Nichols ("Nichols"), appeals the June 28, 2022 judgment of the Shelby County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On August 27, 2021, Officer James Jennings ("Officer Jennings") was conducting traffic patrol when he observed a motorcycle pass him without a license plate displayed. Officer Jennings attempted to initiate a traffic stop; however, the motorcycle, driven by Nichols, failed to comply. A pursuit ensued which lasted approximately 15 miles and reached speeds as high as 110 miles per hour. The pursuit ended when Nichols's motorcycle and Officer Jennings's patrol vehicle collided. First responders examining Nichols found a pouch of methamphetamine in Nichols's pants.

{¶3} On September 16, 2021, the Shelby County Grand Jury indicted Nichols on four counts: Count One of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony; Count Two of felonious assault in violation of R.C. 2903.11(A)(2), a first-degree felony; Count Three of aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony; and Count Four of vandalism in violation of R.C. 2909.05(B)(2), a

fifth-degree felony. Nichols appeared for arraignment on November 1, 2021 where he entered not guilty pleas.

**{¶4}** The parties exchanged discovery requests. On November 4, 2021, Nichols filed a request for supplemental discovery. In his filing, Nichols requested "any standard operating procedures or other internal guidance as to accepted norms in chasing motorcycles that flee." (Doc. No. 30). Nichols's trial counsel indicated that he previously sent an email to the State requesting the same and did not receive a response. On March 15, 2022, Nichols filed a motion to compel discovery seeking the trial court to compel the State to produce operating procedures relating to pursuing fleeing motorcycles. The following day, the State filed its opposition to Nichols's motion to compel. The State specified that it did not believe the requested information was relevant to any issue related to the instant charges. The State also indicated that it sent a letter to defense counsel on November 10, 2021 requesting information and case law supporting the defense's position. Yet, it received no response to its request. In a judgment entry filed on March 21, 2022, the trial court denied Nichols's motion to compel. The trial court stated that Nichols had not demonstrated how the information he sought falls into the itemized categories of Crim.R. 16 or how the information would have been be favorable to Nichols and material to guilt or punishment.

**{¶5}** A jury trial commenced on May 10, 2022. Prior to the case being submitted to the jury, the State dismissed Count Four (vandalism). The jury

returned verdicts of guilty on Count One (failure to comply with an order or signal of a police officer) and Count Three (aggravated possession of drugs), and not guilty of Count Two (felonious assault). The court accepted the verdicts and ordered a presentence evaluation.

{¶6} At the sentencing hearing held on June 27, 2022, the trial court sentenced Nichols to 24 months in prison on Count One and 12 months in prison on Count Three. The trial court ordered the sentences to run consecutively to each other for an aggregate term of 36 months in prison. The trial court filed its judgment entry of sentence on the following day.

{¶7} On September 12, 2022, Nichols filed his notice of appeal. He raises two assignments of error for our review.

### First Assignment of Error

**The trial court erred in denying defense's motion to compel discovery.**

{¶8} In his first assignment of error, Nichols argues that the trial court erred by denying his motion to compel discovery. Specifically, Nichols argues the trial court erred by not requiring the State to produce "any standard operating procedures or other internal guidance as to accepted norms in chasing motorcycles that flee." (Doc. No. 72).

*Standard of Review*

**{¶9}** "We review a trial court's decision on a motion to compel discovery under an abuse of discretion standard." *State v. Wilkie*, 3d Dist. Auglaize No. 2-17-01, 2017-Ohio-1487, ¶ 28. An abuse of discretion implies the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Relevant Law*

**{¶10}** Crim.R. 16(B)(5) requires that, "[u]pon receipt of a written demand for discovery by the defendant" the prosecuting attorney must disclose "[a]ny evidence favorable to the defendant and material to guilt or punishment[.]" In regulating the discovery process, Crim.R. 16(L)(1) provides that "[t]he trial court may make orders regulating discovery not inconsistent with this rule." "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." *Id.* "Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that: (1) the prosecutor's failure to disclose was a willful violation of the rule; (2) knowledge of the information would have benefited the accused in the preparation of the defense; and (3) the accused suffered some prejudicial effect."

*State v. Sadeghi*, 9th Dist. Wayne No. 14AP0051, 2016-Ohio-744, ¶ 16, citing *State v. Joseph*, 73 Ohio St.3d 450, 458 (1995).

**{¶11}** "Prosecutors have 'a duty to learn of any favorable evidence known to *the others acting on the government's behalf in the case,* including the police.'" (Emphasis sic.) *State v. Sanders*, 92 Ohio St.3d 245, 261 (2001), quoting *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567 (1995). "Yet even so, in order to invoke a right to disclosure, or a concomitant prosecutorial duty to search records, a defendant must make a preliminary showing that the requested files actually contain material, exculpatory information." *Id.* "He 'may not require the trial court to search through [a state agency's] file without first establishing a basis for his claim that it contains material evidence.'" *Id.*, quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, fn. 15, 107 S.Ct. 989, 1002 (1987).

*Analysis*

**{¶12}** Nichols alleges that the City of Sidney Police Department's vehicle-pursuit policy was relevant and would have aided his defense. Yet, Nichols failed in both his discovery request and his motion to compel to provide the State or the trial court with any argument to show that the requested vehicle-pursuit policy was relevant or actually contained exculpatory material. Rather, Nichols submitted no facts to the trial court or the State to indicate that exculpatory material existed in the information Nichols sought to compel. On appeal, Nichols contends the vehicle-pursuit policy was directly related to the jury's finding that his operation of the

motorcycle caused a substantial risk of serious physical harm and that his conduct was more serious than conduct normally constituting the offense. Nichols offers no explanation or legal support for this premise, and we find no connection between the vehicle-pursuit policy and the substantial risk of serious physical harm or the seriousness of Nichols's conduct.

{¶13} Here, Nichols does not allege Officer Jennings lacked the authority to initiate a traffic stop. Even assuming that the procedures and policy Nichols seeks stated that Officer Jennings should have called off the pursuit at some point in the interest of safety, the procedures and policy Nichols seeks do not control Nichols's conduct. Thus, any policy in place regarding vehicle-pursuit policies in chasing motorcycles would not constitute a legal defense to failure to comply with an order or signal of a law enforcement officer or aggravated possession of drugs. Any protocol that law enforcement officers breached while pursuing Nichols's motorcycle once he decided to flee has no bearing on Nichols's culpability for failing to comply or possessing methamphetamine. Accordingly, the operating procedures or internal guidance would not be relevant to Nichols's defense. *See State v. Simonis*, 3d Dist. Seneca No. 13-14-05, 2014-Ohio-5091, ¶ 40.

{¶14} Nichols contends that the information sought may have aided his trial counsel in preparing for the trial or the sentencing hearing. However, "materiality does not refer to defendant's ability to prepare for trial." *State v. Owens*, 3d Dist. Marion No. 9-16-40, 2017-Ohio-2590, ¶ 29.

{¶15} Accordingly, we do not find that the trial court abused its discretion by denying Nichols's motion to compel.

{¶16} Nichols's first assignment of error is overruled.

**Second Assignment of Error**

**The trial counsel was ineffective.**

{¶17} In his second assignment of error, Nichols argues his trial counsel was ineffective for: (1) failing to properly pursue the motion to compel discovery; (2) failing to obtain the requested discovery through alternative means; and (3) failing to question a witness regarding the information he sought in the motion to compel discovery. For the reasons that follow, we disagree.

*Relevant Law*

{¶18} "In criminal proceedings, a defendant has the right to effective assistance of counsel under both the United States and Ohio Constitutions." *State v. Evick*, 12th Dist. Clinton No. CA2019-05-010, 2020-Ohio-3072, ¶ 45. A defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies

prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic decisions, even if unsuccessful, do not generally constitute ineffective assistance of counsel. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989).

{¶19} Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

*Analysis*

{¶20} Nichols argues that his trial court was ineffective for (1) failing to properly pursue the motion to compel discovery; (2) failing to obtain the requested discovery through alternative means; and (3) failing to question a witness regarding the information he sought in the motion to compel discovery. All three claimed deficiencies relate back to the City of Sidney Police Department's vehicle-pursuit policy, a matter we addressed in detail in our analysis of Nichols's first assignment of error.

**{¶21}** Nichols first argues his trial counsel was ineffective for failing to properly pursue his motion to compel discovery. Nichols contends his trial counsel did not argue with specificity how the requested information was relevant, including with supporting case law. "A claim of ineffective assistance of trial counsel may exist where the record shows that the defendant's attorney failed to conduct a reasonable investigation into a defendant's case." *State v. Anders*, 3d Dist. Hancock No. 5-16-27, 2017-Ohio-2589, ¶ 66. "'However, where proof outside the record is required to support a claim of ineffective assistance of trial counsel, the claim is "purely speculative and * * * 'it is not appropriate for consideration on direct appeal.'"'" *Id.*, quoting *State v. Kennard*, 10th Dist. Franklin No. 15AP-766, 2016-Ohio-2811, ¶ 23, quoting *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 5. However, as we noted in our analysis of Nichols's first assignment of error, the information that his trial counsel requested in the motion to compel was not material or relevant to Nichols's defense. Moreover, the record does not indicate the information contained in the vehicle-pursuit policy would have been in any way favorable to Nichols. Thus, Nichols's argument is entirely speculative and, thus, will not form the basis of a valid ineffective assistance of counsel claim. *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 31 ("speculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim"). Furthermore, to the extent Nichols argues the requested information would be relevant to mitigating his punishment, we likewise find his

argument speculative. *State v. Riggleman*, 5th Dist. Licking No. 16-CA-9, 2016-Ohio-5179, ¶ 13. Nichols's argument that his trial counsel was ineffective for failing to obtain the requested discovery through alternative means also fails for being wholly speculative. *See State v. Keith*, 79 Ohio St.3d 514, 534 (1997).

{¶22} Finally, we address Nichols's argument that his trial counsel was ineffective for failing to question Officer Jennings as to whether any vehicle-pursuit policy exists. "'The extent and scope of cross-examination clearly fall within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of [trial] counsel.'" *State v. Cooperstein*, 12th Dist. Warren No. CA2018-09-117, 2019-Ohio-4724, ¶ 29, quoting *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146. Again, Nichols's argument assumes the vehicle-pursuit policy would be helpful to his defense, and is, thus, speculative. Had Nichols's trial counsel asked more questions, there is no indication that Officer Jennings's answers would have been helpful or resulted in not-guilty verdicts or a reduced sentence. *State v. Laws*, 3d Dist. Allen No. 1-20-10, 2021-Ohio-166, ¶ 49.

{¶23} Furthermore, at trial, Nichols's trial counsel did, in fact, question Officer Jennings regarding different tactics law enforcement officers use when engaged in a pursuit of a fleeing suspect. (May 10, 2022 Tr. at 168-170). Nichols's counsel also confirmed that Officer Jennings had authority and discretion to terminate the pursuit if circumstances became too dangerous but, did not find the

need to do so in his pursuit of Nichols. (*Id.* at 170-171). Accordingly, we find that Nichols's final argument also fails.

{¶24} Nichols's second assignment of error is overruled.

*Conclusion*

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Shelby County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur**

**/eks**