[Cite as *State v. Rodriguez*, 2020-Ohio-2987.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

STEFANIE RODRIGUEZ,

    DEFENDANT-APPELLANT.

CASE NO. 5-19-40

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

STEFANIE RODRIGUEZ,

    DEFENDANT-APPELLANT.

CASE NO. 5-19-41

O P I N I O N

Appeals from Hancock County Common Pleas Court
Trial Court Nos. 2019 CR 265 and 2019 CR 118

Judgments Affirmed

Date of Decision: May 18, 2020

APPEARANCES:

    *Brian A. Smith* for Appellant

    *Steven M. Powell* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Stefanie Rodriguez ("Rodriguez"), also known as Stefanie Disbennett, appeals the judgments of the Hancock County Court of Common Pleas, alleging that the trial court erred by imposing consecutive sentences contrary to law. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{**¶2**} On March 12, 2019, Rodriguez was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A) for allegedly selling heroin. Doc. A1.[1] Sentencing Tr. 4. This charge became the basis of Case No. 2019-CR-118. On June 17, 2019, Rodriguez was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A) for allegedly selling methamphetamines. Doc. B1. Sentencing Tr. 4. This charge became the basis of Case No. 2019-CR-265. On July 29, 2019, Rodriguez pled guilty to the charge of aggravated trafficking in drugs in Case No. 2019-CR-118 and to the charge of aggravated trafficking in drugs in Case No. 2019-CR-265. Doc. A29, B17.

{**¶3**} On September 27, 2019, Rodriguez appeared before the trial court for sentencing. Sentencing Tr. 1. The trial court sentenced Rodriguez to seven years

---

[1] The docket number of the filings in Case No. 2019-CR-118 will be preceded by the letter "A." The docket number of the filings in Case No. 2019-CR-265 will be preceded by the letter "B."

in prison for her conviction from Case No. 2019-CR-118. Doc. A37. The trial court then sentenced Rodriguez to two years in prison for her conviction from Case No. 2019-CR-265. Doc. B21. The trial court ordered that these sentences be served consecutively. Doc. A37, B21.

{¶4} The appellant filed her notices of appeal on October 28, 2019. Doc. A60, B27. On appeal, Rodriguez raises the following assignments of error:

**First Assignment of Error**

**Because the record, as shown by clear and convincing evidence, does not support the trial court's finding under R.C. 2929.14(C)(4), pursuant to R.C. 2953.08(G)(2), the trial court's sentence of Appellant in case number 2018 CR 0282 was not supported by the record.[2]**

**Second Assignment of Error**

**Because the trial court did not state the required findings under R.C. 2929.14(C)(4) to impose consecutive sentences until after those sentences were imposed, the trial court's sentence was contrary to law.**

*First Assignment of Error*

{¶5} Rodriguez asserts that the imposition of consecutive sentences was not necessary to punish the offender and was not necessary to protect the public.

---

[2] The appellant's counsel appears to have cloned this assignment of error from another case because there is not a Case No. 2018-CR-0282 in the record before this Court. We will assume, as we consider this assignment of error, that the appellant's counsel intended to write Case Nos. 2019-CR-118 and 2019-CR-265, which are the cases before us on this appeal.

Legal Standard

{¶6} R.C. 2929.14(C)(4) requires the trial court to make statutory findings prior to imposing consecutive sentences * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. R.C. 2929.14(C)(4) reads, in its relevant part, as follows:

> **(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). The trial court needs only to find that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable. *State v. Robinson*, 3d Dist. Hancock No. 5-16-13, 2017-Ohio-2703, ¶ 12. "[T]he record must contain a basis upon which

a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell* at ¶ 28. However, "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences." *Id.* at ¶ 27.

{¶7} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

Legal Analysis

{¶8} In these cases, the trial court found that the imposition of consecutive sentences was necessary to protect the public from future crime and was not disproportionate to the offenses committed. Sentencing Tr. 21. *See* R.C.

2929.14(C)(4). The trial court then found (1) that Rodriguez "committed the multiple offenses while * * * awaiting trial or sentencing and under a community sanction" under R.C. 2929.14(C)(4)(a) and (2) that Rodriguez's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime * * *" under R.C. 2929.14(C)(4)(c). Doc. A37, B21.

{¶9} The record indicates that Rodriguez committed the offense that formed the basis of Case No. 2019-CR-265 twenty days after she was released on bond for the offense that formed the basis of Case No. 2019-CR-118. Sentencing Tr. 18. Thus, R.C. 2929.14(C)(4)(a) is applicable as Rodriguez was awaiting trial or sentencing at the time that she committed the offense that forms the basis of Case No. 2019-CR-265. *See State v. Ropp*, 2d Dist. Champaign No. 2017-CA-32, 2018-Ohio-3815, ¶ 17 (holding that the commission of an offense while out on bond "falls squarely under R.C. 2929.14(C)(4)(a)."); *State v. Petty*, 2017-Ohio-9200, 101 N.E.3d 1231, ¶ 35 (10th Dist.); *State v. Stanislaw*, 11th Dist. Lake No. 2019-L-106, 2020-Ohio-1324, ¶ 27.

{¶10} Further, the trial court cited several facts in the process of finding that consecutive sentences were necessary to protect the public from future harm given Rodriguez's criminal history. The trial court noted that Rodriguez was found in possession of over one hundred grams of heroin within one thousand feet of a school. Sentencing Tr. 19. Plea Hearing Tr. 5. The trial court stated that

> **Most of the people that I see are either possessing or selling small amounts. * * * [T]hose folks are usually in a different category, and many—on many occasions, it's their motivation to sell, so they can buy and they can use, because they have an addiction problem. * * * [T]he sale of this quantity of drugs would indicate that there were other motivations involved, and those concern me * * *.**

Sentencing Tr. 19. The trial court also noted that Rodriguez had also served fifty-seven months in prison in another state for a "substantial drug offense." *Id*. at 20. The trial court concluded that

> **engaging in such conduct on three separate times, in such a substantial way, to me indicates that—that you have decided that the money, the risks that are involved, outweighs the potential punishment that * * * you might have to serve.**

*Id*. at 22. The facts recited by the trial court indicate that the evidence in the record supports the trial court's finding under R.C. 2929.14(C)(4)(c).

{¶11} After examining this evidence, we cannot conclude that Rodriguez has demonstrated, by clear and convincing evidence, that the imposition of consecutive sentences in this case is unsupported by the record. For this reason, Rodriguez's first assignment of error is overruled.

*Second Assignment of Error*

{¶12} Rodriguez argues that the trial court erred in that it did not make the required R.C. 2929.14(C)(4) findings for consecutive sentences in the proper order at sentencing.

Legal Standard

{**¶13**} In applying R.C. 2929.14(C)(4), the Supreme Court of Ohio has held the following:

> **When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. See Crim.R. 32(A)(4). And because a court speaks through its journal,** *State v. Brooke*, **113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.**

*Bonnell*, *supra*, at ¶ 29. "A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law." *State v. Stairhime*, 3d Dist. Defiance No. 4-13-06, 2014-Ohio-1791, ¶ 51.

Legal Analysis

{**¶14**} At the sentencing hearing in this case, the trial court ordered a prison sentence of seven years for Case No. 2019-CR-118; ordered a prison sentence of two years for Case No. 2019-CR-265; and then ordered these prison sentences to be served consecutively. Sentencing Tr. 20, 21, 22. Rodriguez argues that the trial court, at the sentencing hearing, should have made the required findings under R.C. 2929.14(C)(4) before it determined the prison terms for the offense in Case No. 2019-CR-118 and the offense in Case No. 2019-CR-265. Significantly, Rodriguez

nowhere alleges that the trial court failed to make the required findings under R.C. 2929.14(C)(4).

{¶15} The wording of R.C. 2929.14(C)(4) does not instruct the trial court to make the required findings for consecutive sentences prior to determining the prison terms for the various offenses before the trial court. *See* R.C. 2929.14(C)(4). Further, Rodriguez has not identified case law or any other legal authority that indicates that the trial court had to make the required findings under R.C. 2929.14(C)(4) in the chronology prescribed in her brief. *See State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, 99307, 2013-Ohio-3809, ¶ 17 (determining that the trial court complied with R.C. 2929.14(C)(4) when the trial court imposed sentences for each case before making the required findings to impose these sentences consecutively).

{¶16} After reviewing the record, we conclude that the trial court scrupulously followed the requirements of R.C. 2929.14(C)(4) in the process of imposing consecutive sentences and made the required findings at the sentencing hearing. *See Bonnell, supra*, at ¶ 29 (holding that, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support findings, consecutive sentences should be upheld."). Thus, Rodriguez has not demonstrated, by clear and convincing evidence, that the imposition of consecutive sentences was contrary to law. Rodriguez's second assignment of error is overruled.

*Conclusion*

**{¶17}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Hancock County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**