[Cite as *State v. Morgan*, 2024-Ohio-625.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

KAREN MORGAN,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-27

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

KAREN MORGAN,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-28

O P I N I O N

Appeals from Union County Common Pleas Court
Trial Court Nos. 23-CR-0052 and 23-CR-0006

Judgments Affirmed

Date of Decision:  February 20, 2024

APPEARANCES:

    *Alison Boggs* for Appellant

    *Raymond Kelly Hamilton* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Karen S. Morgan ("Morgan") appeals the judgments of the Union County Court of Common Pleas, alleging that the trial court erred in the process of imposing a sentence in these cases and that she was denied her right to the effective assistance of counsel. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} Morgan appeals two cases. In Case No. 23-CR-06, Morgan was indicted on one count of criminal trespass in violation of R.C. 2911.21(A)(3), a fourth-degree misdemeanor; one count of burglary in violation of R.C. 2911.12(A)(1), a first-degree felony; and one count of petty theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. On May 12, 2023, Morgan pled guilty to the three charges against her. The trial court then imposed an aggregate, indefinite prison term of two to three years.

{¶3} In Case No. 23-CR-52, Morgan was indicted on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1), a first-degree felony, and one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1), a fourth-degree felony. On May 18, 2023, Morgan pled guilty to both of the charges against her. The trial court imposed an aggregate, indefinite prison term of six to nine years to be served consecutively to the sentence imposed in Case No. 23-CR-06.

{¶4} Morgan filed her notices of appeal on July 13, 2023 and July 19, 2023. On appeal, she raises the following two assignments of error:

**First Assignment of Error**

**The trial court erred when it imposed a greater than minimum sentence in the trafficking in cocaine case after finding the factors in support of a minimum sentence in the burglary case, then ordering the trafficking sentence to be served consecutive to the sentence in the burglary case.**

**Second Assignment of Error**

**Appellant was deprived [of] effective assistance of counsel.**

*First Assignment of Error*

{¶5} Morgan asserts that the trial court erred (1) by not imposing the minimum prison term in Case No. 23-CR-52 and (2) by ordering her sentence in Case No. 23-CR-52 to be served consecutively to her sentence in Case No. 23-CR-06.

Standard of Review

{¶6} R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences. *State v. Passmore*, 3d Dist. Hancock No. 5-22-39, 2023-Ohio-3209, ¶ 64. Under R.C. 2953.08(G)(2), an appellate court may reverse or modify a sentence only if there is clear and convincing evidence (1) that the trial court's findings under R.C. 2929.13(B), R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4) or R.C. 2929.20(I) are not supported by the record or (2) that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d

1231, ¶ 1. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

### Legal Standard

**{¶7}** "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Stansberry*, 3d Dist. Union No. 14-22-25, 2023-Ohio-3212, ¶ 25, quoting *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9. But in the process of fashioning a sentence, trial courts are still required to consider the principles and purposes of felony sentencing in R.C. 2929.11 in addition to the seriousness and recidivism factors listed in R.C. 2929.12. *State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 11-12.

**{¶8}** However, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Thus, "[a] sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *State v. Johnson*, 2021-Ohio-1768, 173 N.E.3d 94, ¶ 9 (3d Dist.).

**{¶9}** Further, prison terms for multiple offenses are generally served concurrently. *State v. Schmidt*, 3d Dist. Seneca No. 13-23-01, 2023-Ohio-3845, ¶ 32, citing R.C. 2929.41(A). However, the trial court may impose sentences consecutively if it makes the findings that are set forth as follows in R.C. 2929.14(C)(4):

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Thus, pursuant to this provision,

> the trial court must find (1) that consecutive sentences are necessary to protect the public or punish the offender ('the necessity finding'); (2) that consecutive sentences are not disproportionate to the

seriousness of the offense ('the proportionality finding'); and (3) that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable.

*State v. Dendinger*, 3d Dist. Seneca No. 13-23-11, 2023-Ohio-4255, ¶ 18. R.C. 2953.08(G)(2)(a) expressly authorizes an appellate court to reverse or modify a sentence if the findings made under R.C. 2929.14(C)(4) are clearly and convincingly unsupported by the record. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.

Legal Analysis

**{¶10}** In her first argument, Morgan asserts that the trial court should have imposed the minimum prison term in Case No. 23-CR-52. Specifically, she argues that her criminal history supports the imposition of a shorter sentence for the drug trafficking offenses she committed. Morgan also notes that the trial court imposed the minimum prison sentence in Case No. 23-CR-06. However, the record establishes that the trial court expressly considered R.C. 2929.11 and R.C. 2929.12 in the process of imposing a sentence in Case No. 23-CR-52. Further, the challenged prison terms fall within the authorized range. Thus, these arguments do not establish that the prison terms imposed in Case No. 23-CR-52 are clearly and convincingly contrary to law.

**{¶11}** In her second argument, Morgan asserts that the prison terms from these two cases should not have been imposed consecutively.[1] During sentencing,

---

[1] Many of Morgan's arguments are based upon the Ohio Supreme Court's decision in *State v. Gwynne*, --- Ohio St.3d ---, 2022-Ohio-4607, --- N.E.3d ---, ¶ 12. However, after she had filed her brief, the Ohio Supreme

the trial court expressly made the findings required by R.C. 2929.14(C)(4) and incorporated these findings into its judgment entry. Further, the presentence investigation indicates that Morgan has a criminal record that went back to 1993. She also committed the offenses in Case No. 23-CR-52 in February of 2023. Thus, these offenses occurred in the same month that she had been released on her own recognizance in Case No. 23-CR-06. The State also noted that the drug offense was committed in the presence of a child and involved a substantial amount of drugs. Having reviewed the relevant materials, we do not conclude that the trial court's R.C. 2929.14(C)(4) findings are unsupported by the record. Thus, Morgan's second argument does not establish that her sentence is clearly and convincingly contrary to law. Accordingly, the first assignment of error is overruled.

*Second Assignment of Error*

**{¶12}** Morgan asserts that her conviction for burglary should be reversed because defense counsel's representation was ineffective.

Legal Standard

**{¶13}** Ohio law presumes that a licensed attorney's representation was competent. *State v. Bruce*, 2023-Ohio-3298, 224 N.E.3d 715, ¶ 13 (3d Dist.). "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient

---

Court vacated this decision on reconsideration. *See State v. Gwynne*, --- Ohio St.3d ---, 2023-Ohio-3851, --- N.E.3d ---, ¶ 26. We will examine this assignment of error in light of the prevailing law.

and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶14} To establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 35, quoting *Strickland* at 687. To establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Bibbs*, 2016-Ohio-8396, 78 N.E.3d 343, ¶ 13 (3d Dist.).

Legal Analysis

{¶15} Case No. 23-CR-06 arose from a situation in which Morgan took $566.00 worth of goods out of a Walmart without tendering payment. While investigating this incident, law enforcement discovered that Morgan had previously received a conviction for stealing from a Walmart in Marion County, Ohio. As the result of this earlier case, she was ordered not to enter Walmart stores. This prior order resulted in Morgan being charged with burglary for the incident that gave rise to Case No. 23-CR-06.

{¶16} On appeal, Morgan argues that defense counsel's performance was deficient "because a certified copy of the [Marion County judgment] entry was never entered into evidence to prove that the language in the entry was clear and

unequivocal * * *." (Appellant's Brief, 11). Morgan asserts that she may have been charged with an offense that was less serious than burglary if the wording of the order was ambiguous or vague. In response, the State points out that the Defense received a copy of the "Walmart Trespass Notice" during discovery. (Doc. 13).

{¶17} This Court has held that, "where proof outside the record is required to support a claim of ineffective assistance of trial counsel, the claim is 'purely speculative and * * * "it is not appropriate for consideration on direct appeal."'" *State v. Nichols*, 3d Dist. Shelby No. 17-22-08, 2023-Ohio-4364, ¶ 21, quoting *State v. Anders*, 3d Dist. Hancock No. 5-16-27, 2017-Ohio-2589, ¶ 66, quoting *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4. This assignment of error rests on the wording of a document that is not in the record. Her brief reveals the speculative nature of her argument when she asserts that the outcome of this proceeding may have been different "*if* the language [in the order] was vague and not pointed." (Emphasis added.) (Appellant's Brief, 11).

{¶18} In conclusion, Morgan's speculative argument cannot establish the prejudice prong of the *Strickland* test. Thus, she has failed to carry the burden of establishing an ineffective assistance of counsel claim in this appeal. Accordingly, the second assignment of error is overruled.

*Conclusion*

**{¶19}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Union County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**