[Cite as *State v. Hobbs*, 2024-Ohio-5435.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

STEVEN HOBBS, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-04

O P I N I O N

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2023 0066**

**Judgment Affirmed**

**Date of Decision: November 18, 2024**

---

**APPEARANCES:**

    *Scott A. Kelly* **for Appellant**

    *John R. Williamowski Jr.* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Steven P. Hobbs, Jr. ("Hobbs"), brings this appeal from the December 14, 2023 judgment of the Allen County Common Pleas Court sentencing him to an aggregate, indefinite prison term of 21 to 22.5 years. On appeal, Hobbs argues that the trial court erred by imposing consecutive sentences. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} Hobbs hid a camera to secretly record his live-in girlfriend's fourteen-year-old daughter while she was nude. The girl eventually found the camera, which led to an investigation of the matter. Hobbs ultimately admitted to putting the camera in the girl's room to record her, and he acknowledged moving the camera numerous times.

{¶3} A search of Hobbs's phone uncovered numerous nude recordings and photographs of the fourteen-year-old girl. In addition, approximately 300 photographs were flagged "as potential evidence" by BCI of other nude underage girls.[1]

{¶4} On November 3, 2023, Hobbs entered into a written, negotiated plea agreement wherein he agreed to plead guilty to seven counts of Illegal Use of a

---

[1] In the pre-sentence investigation, Hobbs acknowledged that he "also had downloaded multiple images and videos of other underage girls nude on [his] phone."

Minor or Impaired Person in Nudity-Oriented Material or Performance ("Illegal Use") in violation of R.C. 2907.323(A)(1), all second degree felonies, and one count of Tampering with Evidence in violation of R.C. 2921.12(A)(1), a third degree felony. As part of the agreement, Hobbs agreed that none of the charges merged for purposes of sentencing, and the State agreed not to pursue any further charges regarding the additional photographs of other nude underage girls on Hobbs's phone.

{¶5} On December 13, 2023, Hobbs proceeded to sentencing. Hobbs was ordered to serve 3 years in prison on each of the seven Illegal Use charges, and 12 months in prison on the Tampering with Evidence charge. All of the Illegal Use prison terms were ordered to be served consecutive to each other, but the Tampering with Evidence charge was ordered to be served concurrently. Hobbs was thus sentenced to serve an aggregate, indefinite prison term of 21 to 22.5 years.

{¶6} A judgment entry memorializing Hobbs's sentence was filed December 14, 2023. It is from this judgment that he appeals, asserting the following assignment of error for our review.

**Assignment of Error**

**The trial court erred in sentencing the Defendant to consecutive sentences.**

{¶7} In his assignment of error, Hobbs argues that the trial court erred by imposing consecutive sentences in this matter.

Standard of Review

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶9}** "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). Revised Code 2929.14(C) provides, in its relevant part, that

> the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶10}** Revised Code 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

**{¶11}** Importantly, the trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. However, a trial court "has no

obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶12}** In this case, the trial court made the statutorily required findings before imposing consecutive sentences at the sentencing hearing and it incorporated those findings into its sentencing entry. *Accord State v. Robinson*, 2017-Ohio-2703, ¶ 9 (3d Dist.). Specifically, at Hobbs's sentencing hearing, the trial court found that (1) consecutive sentences were necessary in this case "to protect the public from future crime and also to punish the defendant"; that (2) the "consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger posed to the public"; and that (3)

> at least two of these offenses were committed as part of one or more courses of conduct and the harm caused by two or more of these offenses so committed was so great that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of his conduct.

(Dec. 13, 2023, Tr. at 33-34). The trial court incorporated those findings into its final judgment entry. (Doc. No. 44).

**{¶13}** Despite the trial court's clear findings on the record and in its sentencing entry, Hobbs argues that the record does not support the trial court's findings in this matter. Specifically, he contends that he had no prior felony record, that there was no evidence he ever tried to share the photographs, that he had a low

risk of reoffending according to his ORAS score, that he never sexually assaulted the victim, and that he was cooperative with the investigation.

**{¶14}** Contrary to Hobbs's arguments, the record supports the trial court's finding that consecutive sentences are not disproportionate to the seriousness of Hobbs's conduct and to the danger that he poses to the public. While Hobbs argues that he had no prior felony record, this was not a single, isolated incident in an otherwise law-abiding life. Rather, this was an ongoing activity.

**{¶15}** Hobbs admitted that he had moved the camera in the victim's room multiple times with the goal of seeing the victim nude. He had numerous recordings of her that he kept, then he attempted to delete his recordings once his camera was found. He also had a multitude of other questionable pictures on his phone that the State agreed not to pursue further to ensure a global resolution in this case.

**{¶16}** The trial court considered all these issues, referencing them in its analysis at the sentencing hearing:

> This wasn't a mistake; this was an active choice. . . . This was a planned effort that took more than just planting it, finding a place to put it, moving this camera around at different times, downloading an app, all those things, that this was premeditated, planned out.
>
> . . .
>
> He placed the camera in her bedroom on seven to eight separate occasions. And then he says when he, I was just trying to find a way to see her. I felt so bad about it, I thought of her like a daughter. I've been in her life since she was seven years old but ya [sic] did it seven to eight times by your own admission.

(Dec. 13, 2023, Tr. at 29-30).

{¶17} Furthermore, the victim was only fourteen, and she viewed Hobbs as a father-figure. Hobbs specifically abused his position of trust *repeatedly* by not only filming the girl, but also by keeping the recordings and photographs to view them later. According to statements in the record, the victim was struggling with trust issues and sleeping in bed with her mother.

{¶18} Hobbs argues that this case is similar to *State v. Hawley*, 2020-Ohio-1270 (8th Dist.), in which the Eighth District Court of Appeals reduced a 56-year aggregate prison term because the record did not support the trial court's sentencing findings. In *Hawley*, the defendant pled guilty to seven counts of "Illegal Use" involving his stepdaughter and one count of possessing criminal tools. The *Hawley* court reduced the defendant's sentence to an aggregate term of 8 years in prison. *Id.* at ¶ 26.

{¶19} Notably, the *Hawley* opinion is only persuasive authority, and its persuasive authority is limited. *Hawley* was decided before the Supreme Court of Ohio released *State v. Gwynne*, 2023-Ohio-3851, ¶ 15, which clarified that an appellate court must employ a deferential standard with regard to consecutive sentences and that the appellate court may not simply substitute its judgment for the trial court. Further, the defendant in *Hawley* only recorded his stepdaughter through a keyhole. He was not actively placing a camera and moving it around a fourteen-year-old girl's bedroom. In addition, there is no indication that the defendant in

*Hawley* had hundreds of other questionable photographs on his phone, or that he was negotiating a global resolution to conclude all potential charges against him. Thus *Hawley* is readily distinguishable to the extent it is even persuasive.[2]

**{¶20}** After reviewing the record in its entirety, we conclude that the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry. Further, the record supports that trial court's findings are not clearly and convincingly unsupported by the record. *See Glover* at ¶ 22; *State v. Jones*, 2024-Ohio-4538, ¶ 54 (3d.Dist). Therefore, Hobbs's assignment of error is overruled.

*Conclusion*

**{¶21}** Having found no error prejudicial to Hobbs in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Allen County Common Pleas Court is affirmed.

**Judgment Affirmed**

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlm**

---

[2] We are aware of the Supreme Court of Ohio's very recent divided opinion, *State v. Glover*, 2024-Ohio-5195, and after reviewing it, we find that it does not impact the outcome in the case *sub judice*.