[Cite as *State v. Matthews*, 2025-Ohio-602.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DAVID E. MATHEWS,

    DEFENDANT-APPELLANT.

CASE NO. 8-24-37

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR 23 12 0301

**Judgment Affirmed**

Date of Decision: February 24, 2025

APPEARANCES:

   *William T. Cramer* for Appellant

   *Eric C. Stewart* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant David E. Matthews ("Matthews") appeals the judgment of the Logan County Court of Common Pleas, arguing that the imposition of consecutive sentences was not supported by the record in this case. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Between July 17, 2023 and August 29, 2023, the Logan County Unified Task Force coordinated four controlled buys in which a confidential informant purchased illegal drugs from Matthews. The quantities of the illegal drugs procured in these four controlled buys ranged from 2.75 to 4.09 grams of methamphetamine. On October 4, 2023, law enforcement executed a search warrant on Matthews's residence. The search uncovered 28.06 grams of methamphetamine; various drug-related items; and a handgun.

{¶3} On December 12, 2023, Matthews was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a fourth-degree felony; three counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), third-degree felonies; one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a second-degree felony; one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a second-degree felony; and

one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. The weapons while under disability charge carried a one-year firearm specification pursuant to R.C. 2941.141(A).

{¶4} On May 7, 2024, Matthews pled guilty to two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), third-degree felonies; one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a second-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. The remaining charges in the indictment were dismissed on motion of the State.

{¶5} At the sentencing hearing, the trial court ordered the prison terms for these offenses to be served consecutively and made the findings required by R.C. 2929.14(C)(4). On June 11, 2024, the trial court issued a judgment entry of sentencing that incorporated its consecutive-sentence findings.

*Assignment of Error*

{¶6} Matthews filed his notice of appeal on July 10, 2024. On appeal, he raises the following assignment of error:

> **The trial court's findings under R.C. 2929.14(C) in support of consecutive sentences are not supported by the record.**

Legal Standard

{¶7} R.C. 2929.14(C)(4) governs the imposition of consecutive sentences and reads, in its relevant part, as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Thus, in order to impose prison terms consecutively, the trial court must find:

(1) that consecutive sentences are necessary to protect the public or punish the offender ('the necessity finding'); (2) that consecutive sentences are not disproportionate to the seriousness of the offense ('the proportionality finding'); and (3) that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable.

*State v. Dendinger*, 2023-Ohio-4255, ¶ 18 (3d Dist.). Further, the trial court must make the required findings at the sentencing hearing and must then incorporate these findings into its judgment entry of sentencing. *State v. Rodriguez*, 2020-Ohio-2987, ¶ 13 (3d Dist.).

Standard of Review

**{¶8}** "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 15 (3d Dist.). This provision reads in its relevant part as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

Since this code section includes R.C. 2929.14(C)(4), an appellate court is permitted to modify or vacate a sentence if the consecutive-sentence findings "are not clearly and convincingly unsupported by the record." *State v. Hobbs*, 2024-Ohio-5435, ¶ 20 (3d Dist.), citing *State v. Glover*, 2024-Ohio-5195, ¶ 22. *See Morgan* at ¶ 6.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*State v. Taflinger*, 2018-Ohio-456, ¶ 12 (3d Dist.), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. On review, appellate courts are to apply a deferential standard in evaluating the R.C. 2929.14(C)(4) findings and "may not simply substitute its judgment for the trial court." *Hobbs* at ¶ 19, citing *State v. Gwynne*, 2023-Ohio-3851, ¶ 15.

## Legal Analysis

{**¶9**} On appeal, Matthews argues that the R.C. 2929.14(C)(4) findings made by the trial court are not supported by the evidence in the record. As to the proportionality finding, the record indicates that Matthews was involved in four different controlled buys in a two-month period. The trial court found that the "amount of methamphetamine" involved in this case "ma[de] the offenses more serious than the normal aggravated possession of drug offenses." (June 11 Tr. 8). The trial court also noted that the drug sales were also conducted "for hire as part of organized crime." (*Id.*).

{**¶10**} As to the necessity finding, the presentence investigation indicated that Matthews had previously engaged in drug trafficking and had a "lengthy criminal history." (June 11 Tr. 5). After reviewing this information, the trial court concluded that Matthews had "fail[ed] to respond favorably to past sanctions." (*Id.* at 8). As noted previously, the trial court also noted that his drug sales appeared to be connected with organized criminal activities.

**{¶11}** Finally, as to the R.C. 2929.14(C)(4)(a-c) factor, the trial court found that Matthews's history of criminal conduct established that consecutive sentences were necessary to protect the public. The presentence investigation report in this case documented Matthews's history of criminal conduct that went back to 1978. The State pointed out that he had been involved in at least five felony cases; had been to prison on multiple occasions; and had a "poor record on supervision." (June 11 Tr. 5).

**{¶12}** On appeal, Matthews points out that he was apologetic at sentencing and argues that this sanction does not offer him the help that he needs to overcome his problems with addiction. In response to these arguments at sentencing, the State noted that Matthews had been given multiple "chances" and "was sent to CBCF" in 2021 but had since returned to trafficking in drugs. (June 11 Tr. 5-6). We conclude that Matthews's argument ultimately fails to establish that the trial court's R.C. 2929.14(C)(4) findings are not supported by the record.

**{¶13}** In conclusion, the trial court made the required findings at the sentencing hearing and incorporated these findings into its judgment entry. Further, a complete review of the record establishes that "the trial court's findings are not clearly and convincingly unsupported by the record." *State v. Hobbs*, 2024-Ohio-5435, ¶ 20 (3d Dist.), citing *State v. Glover*, 2024-Ohio-5195, ¶ 22. Accordingly, the sole assignment of error is overruled.

*Conclusion*

**{¶14}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

**/hls**