**[Cite as *State v. Sims*, 2025-Ohio-2488.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

NOEL G. SIMS II,

    DEFENDANT-APPELLANT.

CASE NO. 13-24-31

OPINION AND
JUDGMENT ENTRY

Appeal from Seneca County Common Pleas Court
Trial Court No. 19-CR-0118

**Judgment Affirmed**

**Date of Decision: July 14, 2025**

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Derek W. DeVine* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Noel G. Sims II ("Sims") appeals the judgment of the Seneca County Court of Common Pleas, arguing that the imposition of consecutive sentences is not supported by the record. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} At roughly 6:40 A.M. on June 2, 2019, a nurse at an assisted living facility in Fostoria noticed an alarm had been triggered at an outside door. After verifying that no one had left the building, she reset the alarm. She then went into a room to check on a resident and saw Sims in a state of undress on top of an eighty-three-year-old woman. The nurse obtained help and barricaded Sims into a bathroom that he had run into upon being discovered. The police arrived shortly thereafter and arrested Sims. The victim reported that Sims had removed her underwear; touched erogenous zones on her body; and repeatedly tried to roll her onto her stomach as they struggled. However, she was unsure as to whether he had penetrated her during this altercation.

{¶3} On June 19, 2019, Sims was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; one count of kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony; one count of

attempted rape in violation of R.C. 2907.02(A)(2) and R.C. 2923.02(A), a second-degree felony. On September 5, 2019, the trial court found Sims incompetent to stand trial and ordered him to undergo treatment.

{¶4} On March 13, 2024, the State and the Defense stipulated to the findings of an evaluation that found Sims was competent to stand trial. On June 10, 2024, Sims pled guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, and one count of attempted rape in violation of R.C. 2907.02(A)(2) and R.C. 2923.02(A), a second-degree felony. The remaining charge in the indictment was dismissed on motion of the State.

{¶5} After accepting Sims's guilty pleas, the trial court proceeded to sentencing and imposed prison terms for each conviction that were to be served consecutively. The result was an indefinite prison term of seventeen to twenty-two years. The trial court made the required consecutive sentencing findings at the hearing and then incorporated these findings into a judgment entry of sentencing that was issued on July 9, 2024.

*Assignment of Error*

{¶6} Sims filed his notice of appeal on August 8, 2024. On appeal, he raises the following assignment of error:

> **Because the record does not support the trial court's findings pursuant to R.C. 2929.14(C)(4), the trial court's imposition of consecutive sentences was not supported by the record.**

*Legal Standard*

**{¶7}** R.C. 2929.14(C)(4) governs the imposition of consecutive sentences and reads, in its relevant part, as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Thus, in order to impose prison terms consecutively, the trial court must find:

> (1) that consecutive sentences are necessary to protect the public or punish the offender ('the necessity finding'); (2) that consecutive sentences are not disproportionate to the seriousness of the offense ('the proportionality finding'); and (3) that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable.

*State v. Dendinger*, 2023-Ohio-4255, ¶ 18 (3d Dist.). After making the required findings at the sentencing hearing, the trial court must then incorporate these findings into its judgment entry of sentencing. *State v. Rodriguez*, 2020-Ohio-2987, ¶ 13 (3d Dist.).

*Standard of Review*

{¶8} "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 15 (3d Dist.). This provision reads in its relevant part as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

"Since this code section includes R.C. 2929.14(C)(4), an appellate court is permitted to modify or vacate a sentence if the consecutive-sentence findings 'are not clearly and convincingly unsupported by the record.'" *State v. Mathews*, 2025-Ohio-602, ¶ 8 (3d Dist.), quoting *State v. Hobbs*, 2024-Ohio-5435, ¶ 20 (3d Dist.).

> Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or

conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.

*Cross v. Ledford*, 161 Ohio St. 469, 476 (1954). On review, appellate courts are to apply a deferential standard in evaluating the R.C. 2929.14(C)(4) findings and "may not simply substitute its judgment for the trial court." *Hobbs* at ¶ 19, citing *State v. Gwynne*, 2023-Ohio-3851, ¶ 15.

*Legal Analysis*

{¶9} On appeal, Sims argues that the trial court's necessity and proportionality findings were not supported by the evidence in the record. As to the necessity finding, the record indicates that Sims entered a building that housed a vulnerable population; approached an eighty-three-year-old woman who was asleep in her bed; and forcibly attempted to rape her. Additionally, Sims's criminal record covers roughly two decades and contains convictions for criminal trespassing, burglary, domestic violence, endangering children, and drug trafficking.

{¶10} As to the proportionality finding, the trial court heard victim impact statements from the daughters of the resident who Sims had assaulted. These statements indicated that the victim immediately suffered a "rapid decline in her cognitive" functioning in the wake of Sims's criminal actions and that she died roughly eighteen months after being assaulted. (July 9 Tr. 17). Both daughters detailed how this traumatic incident left their mother struggling with fearfulness and

depression as she battled Alzheimer's disease. Further, the victim suffered several physical injuries after she struggled with Sims on the morning of the incident.

{¶11} In conclusion, the trial court made the consecutive-sentence findings that are required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporated these findings into the judgment entry of sentencing. Further, the facts reviewed in this analysis support the two findings that Sims challenges on appeal. Since an examination of the record establishes that the trial court's necessity and proportionality findings are not clearly and convincingly unsupported by the record, the sole assignment of error is overruled.

*Conclusion*

{¶12} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Seneca County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

DATED:
/hls