[Cite as *State v. Nevels*, 2025-Ohio-5685.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY


STATE OF OHIO,                                    CASE NO. 8-25-08

     PLAINTIFF-APPELLEE,

  v.

NICHOLAS A. NEVELS,                              OPINION AND
                                                 JUDGMENT ENTRY
     DEFENDANT-APPELLANT.


Appeal from Logan County Common Pleas Court
Trial Court No. CR 22 11 0268

Judgment Affirmed

Date of Decision:  December 22, 2025


APPEARANCES:

    *Alison Boggs* for Appellant

    *Eric C. Stewart* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Nicholas A. Nevels ("Nevels") appeals the judgment of the Logan County Court of Common Pleas, arguing that the trial court's consecutive-sentence findings under R.C. 2929.14(C)(4) were not supported by the record. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} At 1:53 A.M. on October 16, 2022, Nevels's vehicle was stopped by the police in Logan County, Ohio after Officer Andrew Purk ("Officer Purk") observed him cross into the left lane of the roadway and narrowly avoid hitting several vehicles. After administering a horizontal gaze nystagmus test, Officer Purk concluded that Nevels was driving while intoxicated. Once Nevels had been taken to the Logan County Jail, he refused to submit to a breath test. At the time of this incident, Nevels was on community control.

{¶3} On November 8, 2022, Nevels was charged with one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI") in violation of R.C. 4511.19(A)(2)(a), (A)(2)(b), and (G)(1)(d), a fourth-degree felony; one count of OVI in violation of R.C. 4511.19(A)(1)(f) and (G)(1)(d), a fourth-degree felony; and one count of identity fraud in violation of R.C. 2913.49(B)(1), a fifth-degree felony.

{¶4} On June 16, 2023, Nevels entered pleas of not guilty to the charges against him. On April 7, 2025, he appeared at a change of plea hearing. In response to one of the trial court's questions, Nevels expressly admitted that he had received three prior OVI convictions on April 29, 2021 in Clark County; on July 28, 2021 in Logan County; and on May 26, 2022 in Champaign County. He then pled guilty to one count of OVI in violation of R.C. 4511.19(A)(2)(a), (A)(2)(b), and (G)(1)(d), a fourth-degree felony.[1]

{¶5} The trial court accepted Nevels's plea and then dismissed the remaining two charges in the indictment on motion of the State. The trial court then proceeded to sentencing, ordering Nevels to serve a prison term of twelve months consecutively to a prison term that had been imposed in another case against him. In this process, the trial court relied upon a presentence investigation report ("PSI") that had been prepared for Nevels in a 2017 case. The judgment entry of sentencing was issued on April 8, 2025.

{¶6} Nevels filed his notice of appeal on May 6, 2025. On appeal, he raises the following assignment of error:

> **The trial court erred in ordering Appellant's sentence to be served consecutive to the sentence he was serving.**

---

[1] Between the indictment on November 8, 2022 and the sentencing hearing on April 7, 2025, the trial court issued an order that dismissed the second charge in the indictment. The State filed an interlocutory appeal of this order on December 18, 2023. This Court decided this interlocutory appeal on October 15, 2024. *State v. Nevels*, 2024-Ohio-4964 (3d Dist.).

## Standard of Review

**{¶7}** "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 6 (3d Dist.). Under this provision, an "appellate court may increase, reduce, or otherwise modify a sentence . . . if it clearly and convincingly finds . . . [t]hat the record does not support the sentencing court's findings" that are required by R.C. 2929.14(C)(4) in order to impose consecutive sentences. R.C. 2953.08(G)(2)(a).

> Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.

*Cross v. Ledford*, 161 Ohio St. 469, 476 (1954). On review, appellate courts are to apply a deferential standard in evaluating the R.C. 2929.14(C)(4) findings and "may not simply substitute its judgment for the trial court." *State v. Hobbs*, 2024-Ohio-5435, ¶ 19 (3d Dist.).

## Legal Standard

**{¶8}** R.C. 2929.14(C)(4) governs the imposition of consecutive sentences and reads, in its relevant part, as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Thus, in order to impose prison terms consecutively, the trial court must find:

(1) that consecutive sentences are necessary to protect the public or punish the offender ('the necessity finding'); (2) that consecutive sentences are not disproportionate to the seriousness of the offense ('the proportionality finding'); and (3) that one of the three factors listed in R.C. 2929.14(C)(4)(a)-(c) is applicable.

*State v. Dendinger*, 2023-Ohio-4255, ¶ 18 (3d Dist.). After making the required findings at the sentencing hearing, the trial court must then incorporate these findings into its judgment entry of sentencing. *State v. Rodriguez*, 2020-Ohio-2987, ¶ 13 (3d Dist.).

Legal Analysis

{¶9} In the process of imposing consecutive sentences in this case, the trial court expressly made the findings required by R.C. 2929.14(C)(4) at the sentencing

hearing and incorporated these findings into its judgment entry. On appeal, Nevels argues that these consecutive-sentences findings are not supported by the record. We turn to examining the trial court's findings in light of the materials in the record.

{¶10} As to the necessity finding, the PSI from 2017 documented a number of prior misdemeanor and felony convictions that Nevels had received. In particular, the trial court noted that Nevels had received three OVI convictions prior to the instant offense; that he had failed to complete treatment for his substance abuse issues; and that he had not responded favorably to previous sanctions for this conduct. As to the proportionality finding, the trial court noted that the instant offense was rendered more serious by the fact that Nevels had been convicted for three other OVI offenses in the eighteen months prior to his indictment in this case.

{¶11} As to the R.C. 2929.14(C)(4)(a)-(c) finding, Nevels committed the instant offense while he was subject to community control. For this reason, the trial court found that the R.C. 2929.14(C)(4)(a) factor was applicable. The trial court also found that the R.C. 2929.14(C)(4)(c) factor was applicable as Nevels's history of criminal conduct included four prior felony convictions and numerous misdemeanor convictions. As noted previously, the trial court observed that Nevels had not altered his behavior in response to the sanctions he received for his criminal conduct.

{¶12} In response to the trial court's analysis at sentencing, Nevels points out that the trial court relied upon a PSI from 2017 that contained no record of the

three prior OVI convictions he received in 2021 and 2022. He asserts that, without an updated or current PSI, the record contains no evidence that he had any previous OVI convictions. Based on this assertion, he argues that the trial court's consecutive-sentences findings are not supported by the record in the absence of any evidence that establishes the existence of these three prior OVI offenses.

{¶13} As an initial matter, we note that Nevels concedes in his brief that he waived the preparation of an updated PSI for Case No. CR22-11-0268 and opted to proceed immediately to sentencing. In his brief, he has not identified any legal authority that would suggest that the trial court was required to order the preparation of a new PSI before sentencing him in this case. *See State v. Lamson*, 2022-Ohio-505, ¶ 11 (2d Dist.).

{¶14} On appeal, the State points out that, pursuant to R.C. 4511.19(G)(1)(d), an OVI offense is a fourth-degree felony where the offender has received three or four OVI convictions in the ten years preceding the instant offense. Since Nevels was charged with OVI as a fourth-degree felony in this case, the indictment listed the dates, locations, and case numbers associated with the three prior OVI convictions he received in the relevant timeframe.

{¶15} Further, immediately before the trial court accepted his guilty plea and proceeded to sentencing, Nevels expressly admitted that he had received OVI convictions on April 29, 2021 in Clark County; on July 28, 2021 in Logan County; and on May 26, 2022 in Champaign County. Thus, the record before the trial court

establishes the existence of these three prior convictions even though these offenses were committed after the PSI from 2017 had been written.

{¶16} In summary, Nevels raised various arguments asserting that the trial court's consecutive-sentences findings were unsupported because no evidence in the record established that he had three prior OVI convictions from 2021 and 2022. However, these three convictions were documented in the indictment and admitted by Nevels before the trial court. Thus, Nevels's arguments fail to establish that the R.C. 2929.14(C)(4) findings were clearly and convincingly unsupported by the record. *Hobbs*, 2024-Ohio-5435, at ¶ 20 (3d Dist.). The sole assignment of error is overruled.

*Conclusion*

{¶17} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

Case No. 8-25-08

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.


          John R. Willamowski, Judge


          William R. Zimmerman, Judge


          Mark C. Miller, Judge

DATED:
/hls